## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CASE NO.:

**LAKISHA TAYLOR**,

    **Plaintiff,**

    **v.**

**FONTAINEBLEAU MIAMI JV, LLC &**
**WESTAFF WORKFORCE SOLUTIONS**
**LLC, D/B/A WESTAFF,**

    **Defendants.**

_____/

### PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiff, LAKISHA TAYLOR ("Plaintiff" and/or "TAYLOR"), by and through undersigned counsel, sues Defendant, FONTAINEBLEAU MIAMI JV, LLC and WESTAFF WORKFORCE SOLUTIONS, LLC (hereinafter "Defendants" and/or "FONTAINEBLEAU" "WESTAFF"), and files her Complaint for damages and alleges as follows:

### NATURE OF ACTION

1. This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Title VII); and the Florida Civil Rights Act §760.01, et seq., Florida Statutes (FCRA); to redress unlawful employment practices toward Plaintiff, including but not limited to discrimination and discharge from employment.

## JURIDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Title VII).

3. The Southern District of Florida, Miami Division is proper under 28 U.S.C. § 1391 (b)(1) because Defendants are residents of, has agents, and/or transacts their affairs in this district.

4. Venue is proper because under 28 U.S.C. § 1391 (b)(2) because all or a substantial part of the events giving rise to this cause occurred in this district.

## PARTIES

5. At all relevant times to this action, Plaintiff is a natural person residing in Miami-Dade County, Florida.

6. At all times relevant to this action, Plaintiff was a female employee of Defendants.

7. Defendant FONTAINEBLEAU MIAMI JV, LLC is a For Profit Corporation authorized to conduct business in the State of Florida.

8. Defendant WESTAFF WORKFORCE SOLUTIONS, LLC is a For Profit Corporation authorized to conduct business in the State of Florida.

## STATEMENT OF FACTS

9. Plaintiff brings forth this action in Federal Court pursuant to Title VII and FCRA.

10. In or around, Plaintiff began working for Defendants as a Housekeeper.

11. Plaintiff was one of many Housekeepers assigned to work at Defendants' Miami-Beach Hotel daily.

12. On or about March 16, 2019, Plaintiff was employed and began working at Defendant WESTAFF.

13. At all times material to this action, Plaintiff worked full-time until her unlawful termination on May 23, 2019.

14. At all times material to this action, Plaintiff was assigned by Defendant WESTAFF to work as a Housekeeper at Defendants' hotel located at 4441 Collins Avenue, Miami Beach, Florida 33140.

15. At all times material to this action, Plaintiff received compliments from Rodny Barthelot (hereinafter referred to as "RODNY"), a Guest Runner.

16. Throughout Plaintiff's time with Defendants, RODNY regularly told her how "BEAUTIFUL" she was. At some time during Plaintiff's employment, Plaintiff and RODNY exchanged text messages.

17. The constant attention from RODNY made Plaintiff uncomfortable. Plaintiff simply ignored RODNY constant compliments and requests for dates.

18. Shortly after Plaintiff and RODNY began texting each other, RODNY informed Plaintiff that he was married.

19. Plaintiff explained to RODNY she was not interested in dating a married man. Plaintiff began to ignore RODNY.

20. At all times material to this action, Defendants' managers were impressed with Plaintiff's hard work, efficiency and overall work ethic.

21. On a number of occasions, Defendant FONTAINBLEAU promised Plaintiff a permanent employment after six (6) months with Defendant.

22. In or around May 2019, Plaintiff began receiving text messages from RODNY.

23. On or about May 3, 2019, RODNY said to Plaintiff, "I LIKE YOU," Plaintiff did not respond.

24. On or about May 4, 2019, RODNY asked, "HEY CAN I SEE YOU LATER(?)," Plaintiff did not respond.

25. At all times relevant to this action, Plaintiff ignored and made every attempt to avoid RODNY.

26. On May 5, 2019, RODNY sent a text message to Plaintiff saying, "I MISS YOU."

27. On or about May 5, 2019, after asking Plaintiff where she was, RODNY sent text messages to Plaintiff saying, "OK LET ME KNOW WHEN YOU ARE IN A CHECK OUT." RODNY wanted to know so that he was able to visit her in the room.

28. On or about May 5, 2019, RODNY sent text messages to Plaintiff saying, "I WANT TO KISS YOU," I WANT TO FEEL YOU," asking Plaintiff, "DO YOU WANT TO KISS ME(?) and "ARE YOU READY (?)"

29. On or about May 5, 2019, Plaintiff responded to RODNY'S text messages saying, "NO."

30. On or about May 5, 2019, RODNY sent a text message to Plaintiff saying, "YOU IGNORE ME."

31. Throughout the month of the May 2019, RODNY would speak with Plaintiff in passing.

32. At all material times, Plaintiff did not engage with RODNY, and instead continued to ignore him.

33. On or about May 23, 2019, Plaintiff began working at Defendants' hotel at her regularly scheduled time.

34. On or about May 23, 2019, Plaintiff was assigned floors twelve (12) and five (5) for the day.

35. At approximately 9:45 am, on May 23, 2019, Plaintiff and RODNY entered the same elevator at Defendants' hotel.

36. Plaintiff pushed the button for the fifth floor, and RODNY responded by saying, "HOW'D YOU KNOW I WAS GOING TO THAT FLOOR TOO?"

37. Plaintiff being scared and uncomfortable with going to the same floor, pushed the button for the twelfth floor.

38. RODNY exited the elevator on the fifth floor, while Plaintiff continued to the twelfth floor. Plaintiff felt relief but was still uncomfortable about the interaction in the elevator.

39. While Plaintiff was arranging her cleaning cart to begin cleaning her assigned rooms, RODNY appeared on the twelfth floor. RODNY began grabbing Plaintiff to stop and talk to him. Plaintiff pushed RODNY away from her and continued to the room to begin cleaning.

40. The first room (1229) Plaintiff attempted to clean was still occupied and Plaintiff continued to her next room with RODNY following close behind her.

41. Plaintiff went into her next room (1233), RODNY followed Plaintiff into the room. Upon bursting into the room RODNY pushed Plaintiff onto the bed and tried to kiss her.

42. RODNY pulled his penis out of his pants while holding Plaintiff down on the bed and asked Plaintiff to "PLAY WITH MY PENIS," PLEASE, TOUCH MY PENIS," and "RUB MY PENIS."

43. Plaintiff was terrified and began to panic.

44. Plaintiff began screaming at RODNY to let her go, while she pushed and fought him off.

45. Plaintiff escaped RODNY grasp and ran out of the hotel room (1233) to find help.

46. Plaintiff felt victimized, embarrassed and degraded by RODNY sexual assault.

47. Plaintiff went to the 7th Floor where she found Defendants' Priscilla (hereinafter referred to as "PRISCILLA") and told her what had occurred with RODNY. PRISCILLA then contacted Defendant's Manager, Althea (hereinafter referred to as "ALTHEA").

48. Again, Plaintiff had to relive what had just occurred and tell the traumatizing story to FONTAINBLEAU Manager, ALTHEA.

49. FONTAINBLEAU'S Manager, ALTHEA, then called security and the incident was reported to security.

50. On or about May 23, 2019, at 10:15 am, RODNY sent Plaintiff a text message asking, "HEY ARE YOU OK(?)." Plaintiff did not respond to RODNY's text message.

51. On or about May 23, 2019, Plaintiff filed a police report with the MIAMI BEACH POLICE.

52. After reporting the incident to Defendants' security and Miami Beach Police, sent Plaintiff home.

53. On or about May 23, 2019, Defendants' informed Plaintiff of RODNY's admission to her claims of sexual assault.

54. On or about May 24, 2019, Defendant removed Plaintiff from the schedule, and was not permitted to return to work.

55. On or about May 24, 2019, Defendant WESTAFF informed Plaintiff of an ongoing investigation and Defendants would keep Plaintiff informed as to the outcome.

56. On or about June 4, 2019, Defendant WESTAFF informed Plaintiff that the investigation was complete.

57. On or about June 4, 2019, Defendant WESTAFF informed Plaintiff that there was no more space on the schedule for her and her services were no longer needed.

58. As a result of Defendants' actions, Plaintiff felt extremely humiliated, isolated, degraded, victimized, embarrassed, and emotionally distressed.

59. On or about August 20, 2019, Plaintiff filed an EEOC Charge of discrimination against the Defendant.

60. Plaintiff claims actual discharge.

61. At all times relevant to this action, by reasons of Defendants' recklessness and/or carelessness, Defendants caused Plaintiff damages by failing to adequately supervise its employees.

62. That as a result of Defendants' conduct and comments, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

63. Plaintiff suffers from regular panic attacks and nightmares relating to Defendants' conduct.

64. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

65. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further experienced severe emotional and physical distress.

66. Plaintiff further claims aggravation, activation and exacerbation of a preexisting condition.

67. As a result of the above, Plaintiff has been damaged in an amount in excess of the jurisdictional limits of all lower Courts.

68. Defendants' conduct has been malicious, willful, and/or outrageous, and conducted with full knowledge of and reckless indifference of the law.  As such, Plaintiff demands Punitive Damages as against Defendants.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

69. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 68 above.

70. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

71. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of her gender.

72. Plaintiff is a female and was qualified to do her job as a Housekeeper at Defendants' Miami Beach hotel.

73. Defendants' Guest Runner, RODNY, regularly made sexually charged comments about Plaintiff and her body.

74. On one occasion, Defendants' RODNY pushed Plaintiff on a bed in an attempt to kiss her while she carried out her job responsibilities.

75. RODNY pulled out his penis and asked Plaintiff to kiss him and to touch his penis while holding her down on the bed.

76. At all times relevant to this action, Plaintiff did not give RODNY consent to touch her in any manner.

77. On that occasion, Plaintiff objected and pushed RODNY away and ran to inform her direct supervisor.

78. At all times relevant to this action, RODNY sexually harassed Plaintiff because she was a woman.

79. Defendants treated Plaintiff less favorably than similarly situated employees outside her protected class.

80. Plaintiff exhausted her administrative remedies, including timely filing her complaint with the EEOC.

81. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff as set forth herein.

82. Defendant violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A SECOND CAUSE OF ACTION
## RETALIATION UNDER TITLE VII

83. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 68 above.

84. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

85. Plaintiff is a woman and, as such, a member of a protected class under Title VII.

86. RODNY made sexually charged comments to Plaintiff on a number of occasions. RODNY touched and grabbed Plaintiff without her consent.

87. Plaintiff complained to Defendants about the sexual comments and about RODNY touching her in a sexual manner.

88. Plaintiff engaged in protected activity, complaining about discrimination based on her gender and being sexually harassed, and as a resulted suffered an adverse employment action.

89. Shortly after Plaintiff made her sexual harassment complaints, Defendant terminated her employment.

90. Defendant's actions would deter a reasonable employee from complaining about discriminatory conduct.

91. Plaintiff exhausted her administrative remedies, including timely filing her complaint with the EEOC and filing her claim in this Court within 90 days of receiving her right-to-sue letter.

92. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A THIRD CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT UNDER TITLE VII

93. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 68 above.

94. The Civil Rights Act of 1964 prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

95. Here, Defendant's conduct occurred because of Plaintiff's legally protected characteristic; and (2) was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered and that the working environment was intimidating, hostile or abusive.

96. RODNY sexually harassing conduct was directly connected to Plaintiff's gender.

97. Plaintiff did not welcome RODNY'S sexual conduct or comments based on her gender.

98. As a result of RODNY'S pervasive sexual conduct and comments, Plaintiff's work environment was forever altered.

99. As a result of Defendant's violations of The Civil Right Act of 1964, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to his family life; and other harm, pain and suffering, both tangible and intangible.

> **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:
>
> a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and
>
> b. Issue an order prohibiting further discrimination; and
>
> c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay

in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A FOURTH CAUSE OF ACTION
## DISCRIMINATION UNDER FCRA

100. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 68 above.

101. This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of her state rights under the Florida Civil Rights Act ("FCRA"), to include the remedies in §760.01, et seq., Florida Statutes.

102. Plaintiff is an individual of woman and is therefore a member of protected classes within the meaning of the applicable law.

103. At all times relevant, Plaintiff was an employee under the FCRA.

104. Plaintiff is and was protected against discrimination under the FCRA.

105. At all times relevant, Plaintiff TAYLOR was qualified to do her job and other jobs at Defendants.

106. At all times relevant, Defendants treated Plaintiff TAYLOR differently because of her gender.

107. At all times relevant, RODNY made unwelcomed sexual comments to Plaintiff TAYLOR.

108. At all times relevant to this action, Plaintiff objected to RODNY sexual comments and conduct.

109. Defendant's discrimination against Plaintiff was willful or with reckless indifference to her protected rights.

110. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

      **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

      a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the FCRA; and

      b. Issue an order prohibiting further retaliation; and

      c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and

      d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and

      e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

### AS A FIFTH CAUSE OF ACTION
### RETALIATION UNDER FCRA

111. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 68 above.

112. RODNY made sexually charged comments to Plaintiff on a number of occasions. RODNY touched and grabbed Plaintiff without her consent.

113. Plaintiff TAYLOR complained to Defendants about the sexual comments and about RODNY touching her in a sexual manner.

114. Plaintiff engaged in protected activity, complaining about discrimination based on her gender and being sexually harassed, and as a resulted suffered an adverse employment action.

115. Shortly after Plaintiff made her sexual harassment, assault and retaliation complaints, Defendants terminated Plaintiff's employment.

116. Defendant's actions would deter a reasonable employee from complaining about discriminatory conduct.

117. Plaintiff engaged in protected activity, complaining about discrimination based on her gender and being sexually harassed, and as a resulted suffered an adverse employment action.

118. Defendant took adverse employment actions against Plaintiff TAYLOR because she complained about the sexual discrimination and sexual harassment of her; i.e., because she engaged in activities protected by the FCRA.

119. Defendants actually discharged Plaintiff within days of her complaint of sexual discrimination and sexual harassment.

120. These retaliatory actions against Plaintiff TAYLOR would deter a reasonable person from making or maintaining a complaint of discrimination or harassment against Defendant.

    **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

    a. Declare that Defendant has unlawfully retaliated against Plaintiff in violation of the FCRA; and

    b. Issue an order prohibiting further retaliation; and

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and

d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and

 e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A SIXTH CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT UNDER FCRA

121. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 68 above.

122. The Florida Civil Rights Act prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

123. Here, Defendants' conduct occurred because of Plaintiff's legally protected characteristic; and (2) was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered and that the working environment was intimidating, hostile or abusive.

124. RODNY grabbed Plaintiff TAYLOR in a sexual manner.

125. The harassing conduct was directly connected to Plaintiff TAYLOR'S gender.

126. As a result of Defendants' violations of FCRA, Plaintiff TAYLOR has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business

reputation; loss of self-esteem; disruption to her family life; and other harm, pain and suffering, both tangible and intangible.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully retaliated against Plaintiff in violation of the FCRA; and

b. Issue an order prohibiting further retaliation; and

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and

d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated:  Miami, Florida
         September 14, 2020

**DEREK SMITH LAW GROUP, PLLC**
Attorneys for Plaintiffs

By: /s/ Tiffani-Ruth I. Brooks
    Tiffani-Ruth I. Brooks, Esq.
    tiffani@dereksmithlaw.com
     701 Brickell Avenue, Suite 1310
    Miami, FL 33186
    (305) 946-1884